IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| RICKY WILLIAMS, | * | |
| --- | --- | --- |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 17-1656** |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Ricky Williams has sued Burlington Coat Factory Warehouse Corporation (Burlington). *See* ECF No. 4. Before the Court is Williams' pending Motion to Remand and For Attorney's Fees. ECF No. 12. Burlington opposes both remand of the case and the request for attorney's fees. *See* ECF No. 14.

For the reasons that follow, Williams's Motion to Remand and For Attorney's Fees (ECF No. 12) is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Williams's request to remand to state court. Williams's request for attorney's fees is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Williams alleges that on April 11, 2014, when he entered a Burlington store in Anne Arundel Mills Mall, he was falsely accused of shoplifting by Burlington employees and was arrested by the police. ECF No. 4 ¶¶ 5-10. Williams subsequently filed a Complaint against Burlington in the Circuit Court for Prince George's County, Maryland, consisting of claims of false arrest, malicious prosecution, and negligence, and seeking damages of $75,000. *Id.* ¶¶ 15-33. The Complaint alleges Williams suffered injuries, including damage to his character and

1

reputation, physical and mental injuries, and "will continue to suffer mental injuries." *Id.* ¶¶ 20, 29, 33. Williams requests "compensatory and punitive damages of $75,000, plus interest and costs, and other and further relief as may be appropriate." *Id.* at 6.

After filing an Answer (ECF No. 7), Burlington removed the case to this Court alleging diversity of citizenship as grounds for removal. ECF No. 3. On July 19, 2017, Williams filed a Motion to Remand and For Attorney's Fees arguing removal was improper for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000. ECF No. 12. Williams requested attorney's fees for the time spent on the remand issue, contending Burlington lacked an objectively reasonable basis for removal. ECF No. 12 at 6.

On July 27, 2017, Burlington filed a Response in Opposition of Plaintiff's Motion to Remand and For Attorney's Fees. ECF No. 14. Burlington asserts that removal is proper because the *ad damnum* clause in the Complaint does not specify the damages do not exceed $75,000 and because Williams is alleging ongoing damages that are not yet known. *Id.* at 2. Burlington argues the term "plus . . . other further relief" includes additional monetary damages not yet specified, increasing the amount in controversy to an excess of $75,000. *Id.* Because of this language, Burlington insists it had a good faith basis for removal and that Williams is not entitled to attorney's fees. *Id.* at 5-6. On August 9, 2017, Williams filed a Reply in Support of Motion to Remand and For Attorney's Fees reiterating that the Complaint seeks only $75,000. ECF No. 15.

## II.  ANALYSIS

### A. Williams's Motion to Remand to State Court

The Court begins with the issue of remand. In cases removed under diversity, the Court has jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs."[1] 28 U.S.C. § 1332(a). Complaints that seek exactly $75,000 do not meet the jurisdictional minimum. *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011).

"Generally, the amount requested in the complaint determines the amount in controversy." *Momin v. Maggiemoo's Int'l,* 205 F. Supp. 2d 506, 508–09 (D. Md. 2002) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir.1993)). Where a plaintiff makes a specific request for less than $75,000, a defendant may remove the case to federal court only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed. *Id.* at 509; *see also Williams v. Bank of New York Mellon*, No. 13-cv-680, 2013 U.S. Dist. LEXIS 77364, at *4-5 (D. Md. June 3, 2013). On the other hand, if a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Momin*, 205 F. Supp. 2d at 509.

The amount in controversy for diversity jurisdiction is not met here because Williams's Complaint seeks exactly $75,000. *See* ECF No. 4 at 6. The generic language "and other and further relief" does not add to the damages specifically requested on the face of the Complaint. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004) (remanding to the district court to determine whether the amount in controversy satisfied diversity jurisdiction when the complaint requested "general damages in a sum in excess of $50,000.00," reasonable attorneys' fees, reasonable costs, and "such other and further relief as the Court deems just and proper"); *Chief Indus. v. Campus Lofts, Inc.*, No. 05-cv-0167, 2005 U.S. Dist. LEXIS 39151, at *11 (D. Neb. 2005) (determining the amount in controversy from the face of the complaint and not

---

[1] The parties do not contest that complete diversity exists. Therefore, the Court's analysis focuses solely on the amount in controversy.

considering the prayer for "recovery of such other and further relief" as increasing the relief sought). Nor does this language create a "hybrid situation," as Burlington contends, lowering its burden of proof to a preponderance of the evidence.[2]

Thus, Burlington must prove to a "legal certainty" that Williams would actually recover more than the $75,000 requested in the Complaint to remove this case to federal court. Burlington has failed to meet its burden.

### B. Williams's Request for Attorney's Fees

Though removal was improper, Williams is not entitled to attorney's fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Judges in this District have denied attorneys' fees even when holding removal was improper. *Hill v. Westminster/Westminster Mgmt., LLC*, No. 15-cv-01895, 2015 U.S. Dist. LEXIS 146708, at *13 (D. Md. Oct. 29, 2015) (citing *Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.,* 959 F. Supp. 2d 783, 798 (D. Md. 2013)).

The Court is satisfied that Burlington could have reasonably believed the amount in controversy to be one cent more than requested in the Complaint given Williams's alleged ongoing mental injuries. ECF No. 4 ¶¶ 20, 29, 33. Williams cites *Hyatt v. Johns*, No. 16-cv-2912, 2017 U.S. Dist. LEXIS 106665, at *3 (D. Md. July 10, 2017), to support his request for attorney's fees. ECF No. 12 at 6. However, in *Hyatt*, not only did defense counsel attempt to remove a case that clearly lacked both a federal question and diversity jurisdiction, but he had

---

[2] Burlington's comparison to *Momin* for this argument is misplaced. In *Momin*, the Complaint specified an amount of $69,000 in addition to a request for an unspecified amount of attorneys' fees. *Id.* at 510. Because the attorneys' fees requested were unspecified, the Court determined that the amount in controversy was "neither entirely specified nor unspecified" and applied the preponderance of the evidence standard. *Id.* Williams's Complaint does not request attorney's fees, but merely $75,000 "and other and further relief as may be appropriate." ECF No. 4 at 6.

4

also been warned by the Court seven times prior that his basis for removal in similar matters was improper. *Hyatt v. Johns*, No. 16-cv-2912, 2016 U.S. Dist. LEXIS 143087, at *7-8 (D. Md. Oct. 14, 2016). Though it appears Burlington's counsel did have shifting arguments in its correspondence with Williams's counsel, Burlington's actions fall far short of the attorney's actions in *Hyatt*. Thus, Williams is not entitled to attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, Williams's Motion to Remand and For Attorney's Fees is **GRANTED IN PART** and **DENIED IN PART**. Williams's request to remand to state court is **GRANTED**. Williams's request for attorney's fees is **DENIED.**

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**August 25, 2017**